IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 03-cr-00274 JB

STEPHEN THOMAS PAULINO,

    Defendant.

**EMERGENCY AMENDED MOTION FOR RESENTENCING
PURSUANT TO SECTION 404 OF THE FIRST STEP ACT OF 2018**

    Defendant Stephen Thomas Paulino, by and through undersigned counsel, respectfully submits this amended motion to resentence him pursuant to Section 404 of the First Step Act of 2018. Mr. Paulino asks the Court to reduce his sentence from 262 months followed by eight years of unsupervised release to 188 months of imprisonment followed by six years of unsupervised release. Because such a result would make him eligible for immediate release from incarceration, Mr. Paulino respectfully requests an expedited decision.[1] The government, through Assistant U.S. Attorney Mark Christian Pfizenmayer, has not yet taken a position on this motion.

**RELEVANT LEGAL AND PROCEDURAL BACKGROUND**

    On March 26, 2003, a two-count superseding grand jury indictment was filed against Mr. Paulino. (Doc. 30.) Count I charged him with conspiracy to distribute 50 grams and more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Count II charged him with possessing with intent to distribute 5

---

[1] As of today, Mr. Paulino has been in custody since January 14, 2003, or 195 months and 25 days. Thus, even absent calculation of any good-time credits, Mr. Paulino is effectively seeking a sentence of time served.


grams and more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The following day, the government filed an information pursuant to 21 U.S.C. § 851, asserting that Mr. Paulino was eligible for the enhanced penalty provisions found in §§ 841(b)(1)(A) and (b)(1)(B). (Doc. 32.) Mr. Paulino did not challenge the information.

On May 5, 2003, Mr. Paulino pled guilty to Count II of the superseding indictment, i.e., to one count of possessing with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (*See* Doc. 43.) Other than his agreement that he was responsible for at least 5 grams of cocaine base, Mr. Paulino made no other admissions as to the amount of cocaine base he possessed. (*See id.*) Given the enhancement that had been filed, Mr. Paulino was subject at that time to a mandatory minimum term of imprisonment of 120 months and a maximum term of life pursuant to § 841(b)(1)(B).[2]

Probation determined Mr. Paulino to be a career offender pursuant to U.S.S.G. § 4B1.1. Because his maximum term of imprisonment was life, Probation determined Mr. Paulino's offense level to be 37 and his criminal history category to be VI.[3] *See* § 4B1.1(b)(1). Subtracting three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 resulted in a total offense level of 34 and a guideline range of 262 to 327 months of imprisonment. On July 24,

---

[2] A defendant subject to punishment pursuant to § 841(b)(1)(B) typically faces a mandatory minimum of 5 years and a maximum of 40 years of imprisonment. If a § 851 enhancement applies, however, the defendant faces a mandatory minimum term of imprisonment of 10 years and a maximum of life.

[3] Using the 2002 version of the guidelines, Probation initially determined Mr. Paulino's offense level to be 32. This was based on Probation's conclusion that Mr. Paulino was responsible for 85.6 grams of cocaine base as relevant conduct. Because, however, the career criminal provision of the guidelines resulted in a higher offense level, Probation calculated Mr. Paulino's adjusted offense level to be 37.

2003, Judge Parker sentenced Mr. Paulino to 262 months' imprisonment followed by eight years of unsupervised release. (Doc. 48.) According the Bureau of Prisons inmate locator, Mr. Paulino is scheduled to be released from custody on February 14, 2022.

On August 3, 2010, President Obama signed into law the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), 124 Stat. 2372, Pub. L. 111-220, the purpose of which was to reduce the sentencing disparities between defendants convicted of offenses involving crack cocaine, i.e., cocaine base, and powder cocaine. Prior to the Fair Sentencing Act and at the time of Mr. Paulino's sentencing, a defendant convicted of 21 U.S.C. § 841(a)(1) facing a § 851 enhancement was subject to a minimum of 20 years and a maximum of life imprisonment pursuant to § 841(b)(1)(A) if the relevant amount of crack cocaine was 50 grams or more; a minimum of 10 years and a maximum of life imprisonment pursuant to § 841(b)(1)(B) if the relevant amount of crack cocaine was 5 grams or more; and a maximum of 30 years imprisonment if the relevant amount of crack cocaine was less than 5 grams. Sections 2 and 3 of the Fair Sentencing Act changed the amounts of crack cocaine needed to trigger these same penalties under § 841(b)(1)(A), (b)(1)(B), and (b)(1)(C) to 280 grams, 28 grams, and less than 28 grams respectively. The Fair Sentencing Act, however, did not apply to defendants, like Mr. Paulino, whose sentences were imposed prior to its enactment. *See United States v. Murphy*, 501 F. App'x 740, 744 (10th Cir. 2012) ("[W]e have repeatedly held the Fair Sentence Act, which amends certain statutory minimum sentences, does not apply retroactively to defendants . . . sentenced before its August 3, 2010 effective date.").

On December 21, 2018, the First Step Act of 2018 ("First Step Act") was enacted into law. S. 756, 115th Cong. The First Step Act makes Sections 2 and 3 of the Fair Sentencing Act retroactive. Specifically, Section 404(b) of the First Step Act provides: "A court that imposed a

sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."

Given that Mr. Paulino was convicted of a "covered offense" that was committed before August 3, 2010, he is now eligible to be resentenced under the Fair Sentencing Act. As the table below shows, a proportionate sentence would result in a 188 month term of imprisonment followed by six years of unsupervised release.

| Guideline Calculations | | |
|---|---|---|
| Offense of Conviction: § 841(a)(1) / 5 grams or more of cocaine base | | |
|  | Sentencing | Today |
| Date: | May 5, 2003 |  |
| Statutory Maximum Penalty with § 851 Enhancement: | Life | 30 years |
| Mandatory Minimum Term: | 120 months followed by 8 years supervised release | None followed by 6 years supervised release |
| Offense Level for Career Offender as Determined by U.S.S.G. § 4B1.1(b): | 37 | 34 |
| Acceptance of Responsibility: | -3 | -3 |
| Total Offense Level: | 34 | 31 |
| Criminal History Category: | VI | VI |
| Guideline Range: | 262 – 327 months | 188 – 235 months |
| Sentence Imposed / Requested: | 262 months followed by 8 years (un)supervised release | 188 months followed by 6 years (un)supervised release |

4

**ARGUMENT**

I. **This Motion is Brought Pursuant to § 3582(c)(1)(B), Not § 3582(c)(2).**

As an initial matter, it should be understood that this motion is not governed by 18 U.S.C. § 3582(c)(2) or § 1B1.10 of the Sentencing Guidelines. Section 3582(c)(2) allows "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission" to seek a sentencing reduction "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The applicable policy statement is found at § 1B1.10 of the Guidelines. As recently explained by the U.S. District Court for the Southern District of Illinois, "the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are *not* the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply." *United States v. Bishop*, 2019 WL 1377020, at *2 (S.D. Ill. March 27, 2019) (emphasis added).

Instead, this motion is brought pursuant to another provision of § 3582, which allows the Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." § 3582(c)(1)(B). Through enactment of the First Step Act, Congress, itself, expressly permits the Court to resentence Mr. Paulino as if the Fair Sentencing Act was in effect at the time Mr. Paulino committed his crimes. *See Bishop*, 2019 WL 1377020, at *2 ("Now that the First Step Act has provided . . . authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B); *see also United States v. Tovar-Zamorano*, 2019 WL 2005918, at *1 n.11 (D. Kan. May 7,2019) (listing cases concluding same).


**II.     Mr. Paulino Is Eligible for a Reduction of His Sentence.**

There can be no dispute that Mr. Paulino was convicted of a "covered offense" as defined by the First Step Act. The Court, therefore, may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b). As set forth above, Mr. Paulino pled guilty to violating 21 U.S.C. § 841(a) and he admitted that he possessed at least 5 grams of cocaine base. He also did not contest the § 851 enhancement. As § 841(b)(1)(B) was codified in 2002, Mr. Paulino faced a maximum term of imprisonment of life imprisonment. Applying § 4B1.1(b) of the guidelines (the career offender provision) meant that Mr. Paulino's total offense level was 34.

With the current penalty provisions for violating § 841(a)(1) found at §§ 841(b)(1)(A), (b)(1)(B), and (b)(1)(C) being given retroactive effect by the First Step Act, Mr. Paulino now faces a maximum term of imprisonment of 30 years—not life. This is because Mr. Paulino admitted in his plea only to possessing at least 5 grams of cocaine base. The relevant penalty provision thus is not § 841(b)(1)(B) as it was in 2002, but the current version of § 841(b)(1)(C). *Compare* § 841(b)(1)(B) (applying to cases involving 28 grams or more of a mixture of cocaine base), *with* § 841(b)(1)(C) (applying to cases involving less than 28 grams of a mixture of cocaine base). Under § 841(b)(1)(C), Mr. Paulino's statutory maximum penalty as reflected by the § 851 enhancement is 30 years of imprisonment.  Applying § 4B1.1(b) of the guidelines and a 3-point reduction pursuant to § 3E1.1, means that Mr. Paulino's total offense level is now 31, not 34. *Compare* § 4B1.1(b)(1), *with* § 4B1.1(2). Mr. Paulino, therefore, respectfully requests that the Court impose a reduced sentence of 188 months, which would be proportionate to where his originally imposed sentence fell in the applicable guideline range.

Mr. Paulino recognizes that Probation has taken the position that he is not eligible for a reduced sentence. (*See* Doc. 154.) In its memorandum, Probation concludes as follows:

> The defendant is accountable for 85.6 grams of cocaine base. In the 2003 presentence report, the defendant's offense level computations were based on the 2002 edition of the guideline manual. Based on 85.6 grams of cocaine base, his base offense level was determined to be 32. The defendant was identified as a Career Offender pursuant to USSG § 4B1.1, which increased his offense level to 37. With an adjustment for acceptance of responsibility, his total offense level was 34 combined with a criminal history category was [sic] VI, resulting in a guideline imprisonment range of 262 to 327 months.
>
> In the revised calculations, utilizing the 2018 guideline manual, the defendant's base offense level is 24. However, because the defendant qualifies as a Career Offender pursuant to U.S.S.G. § 4B1.1, the total offense level is increased to 37, just as it was in the original guideline calculations, and his total adjusted offense level is not impacted by the FIRST STEP Act. The defendant's total offense level remains 34, pursuant to the Career Offender enhancement and the defendant is not eligible for any reduction.

(*Id.* at 2.) The error that Probation makes is that, as set forth above, Mr. Paulino's total offense is ***not*** "increased to 37, just as it was in the original guideline calculations." Instead, Mr. Paulino's current adjusted offense level is 34 and his total offense level is 31.

Probation's error appears to be predicated on its conclusion that Mr. Paulino "is accountable for 85.6 grams of cocaine base." (*Id.* at 1.) That is, Probation appears to rely erroneously on the amount of cocaine base for which Mr. Paulino was originally determined to be responsible for purposes of relevant conduct. But Mr. Paulino admitted in his plea ***only*** to possessing 5 grams or more of cocaine base—he did not admit to possessing 85.6 grams. As the Supreme Court held in *Alleyne v. United States*, 570 U.S. 99 (2013), "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense." *Id.* at 114-15. Thus, "[t]o trigger the enhanced statutory

7

penalties set out in § 841(b)(1)(A) and (b)(1)(B), the relevant drug quantity must be submitted to the jury for resolution under the beyond-a-reasonable doubt standard," *United States v. Johnson*, 878 F.3d 925, 927 n.1 (10th Cir. 2017), or admitted to by the defendant, *see United States v. Bradley*, 581 F. App'x 249, 253 (4th Cir. 2014) ("[A]s we now know from *Alleyne*, Bradley was not subject to § 841(b)(1)(B)'s five-year minimum because the threshold drug quantity . . . was neither alleged in the indictment nor admitted by Bradley in connection with his guilty plea.").

To the extent the Court finds that Mr. Paulino is "accountable for 85.6 grams of cocaine base," this can be only for the purpose of determining relevant conduct under U.S.S.G. § 1B1.3—not for determining the statutory maximum penalty to which he is now subject after enactment of the First Step Act. *Cf. United States v. Cassius*, 777 F.3d 1093, 1097 (10th Cir. 2015) (finding no *Alleyne* error where district court used judicial-drug finding for purpose of determining guideline sentence where court did not "increase[] [d]efendant's statutory sentencing range or otherwise alter[] his legally prescribed punishment"). Mr. Paulino is hardly alone in making this argument. Countless other courts recognize that the quantity of drugs used for purposes of relevant conduct does not control whether a defendant is eligible for relief under the First Step Act. Rather, what controls is the quantity of drugs alleged in the indictment and proven to a jury, or pled to by the defendant. *See, e.g.*, *United States v. Stanback*, --- F. Supp. 3d ---, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019) ("The jury in Stanback's case found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. Under *Alleyne*, this court is not free to ignore this finding and impose a penalty based on the 1.5 kilograms of cocaine base referenced in the PSR." (citation omitted)); *United States v. Allen*, 2019 WL 1877072, at *3 & n.4 (D. Conn. Apr. 26, 2019) ("As a growing number of courts have concluded, it is the statute of conviction, not actual conduct, that controls

eligibility under the First Step Act." (internal quotation marks omitted) (citing cases)); *United States v. Dodd*, --- F. Supp. 3d ---, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("The First Step Act . . . applies to offenses and not conduct."); *United States v. Powell*, 2019 WL 1198005, at *4 (N.D.N.Y. Mar. 14, 2019) ("[T]he drug type and quantity used to set the statutory range under the First Step Act . . . is the quantity charged in the indictment and found by a jury beyond a reasonable doubt."); *United States v. Davis*, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("It is the statute of conviction, not actual conduct, that controls eligibility for relief under the First Step Act."); *see also United States v. Laguerre*, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (determining defendant's eligibility for relief based on allegations in the charging documents and not on the evidence established for purpose of sentencing); *United States v. Logan*, 2019 WL 498519 (D. Kan. Feb. 8, 2019) (same).

In short, Mr. Paulino is eligible for relief under the First Step Act because the reduced statutory range of punishment for the crime to which he pled guilty is now given retroactive effect. This retroactive change results in a reduction in his guidelines range as determined by § 4B1.1(b) of the guidelines to 188 to 235 months of imprisonment.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendant Stephen Thomas Paulino respectfully asks the Court to impose a reduced sentence of 188 months of imprisonment or time served. Because he is eligible for immediate release, Mr. Paulino respectfully requests an expedited decision.

Respectfully submitted,

/s/ *Todd A. Coberly*
Todd A. Coberly
1322 Paseo de Peralta
Santa Fe, NM  87501
(505) 989-1029
coberlylaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2019, I filed the foregoing using the CM/ECF system, which will electronically send notification of such filing to all counsel of record.

/s/ *Todd A. Coberly*
Todd A. Coberly