## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No. 03-CR-00274 JB |
| ) | |
| STEPHEN THOMAS PAULINO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT OF 2018

The United States of America hereby responds to Defendant's Motion for Consideration for Reduction of Sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018.

**I.     Facts**

On May 5, 2003, the defendant, Mr. Paulino, plead guilty to one count of possession with the intent to distribute of 5 grams and more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Doc. No. 42. The United States had filed a sentencing enhancement against the defendant pursuant to 21 U.S.C. § 851 before his plea because he had at least one prior felony drug conviction. Doc. No. 32.

Prior to his sentencing hearing the defendant filed an objection to the drug quantity attributed to him in the Presentence Report (PSR). Doc. 47. In the objection, the defendant admitted through counsel that the appropriate amount of cocaine base to attribute to him is 32 grams. *Id.* at 2. The PSR attributed 85.6 grams of cocaine base to the defendant. *See Id*. at 1.

On July 24, 2003, Judge Parker held a sentencing hearing for the defendant. ECF. No. 49. Based on his criminal history, United States Probation ("Probation") determined the defendant was

a career offender. *See* ECF No. 154. Having plead guilty to a B-level offense with an 851 enhancement, the defendant was subject to a maximum term of life in prison. *See* 21 U.S.C. § 841(b)(1)(B). As a result, his Base Offense Level ("BOL") as a career offender was 37 which, with a reduction of three levels for acceptance of responsibility, resulted in a guideline range of 262 to 327 months. *See* Doc. No. 154; U.S.S.G. § 4B1.5(a)(1)(B). Judge Parker sentenced the defendant to 262 months to be followed by eight years of supervised release subject to special conditions. Doc. No. 154.

On June 25, 2008, the defendant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense based on the 2007 Crack Cocaine Amendment. Doc. 78. On August 8, 2008, that motion was denied. Doc. 99. On November 17, 2010, the defendant field another Motion for Retroactive Application of Sentencing Guidelines based on the 2010 Fair Sentencing Act ("Fair Sentencing Act"). Doc. 139. On December 3, 2013, that motion was also denied. Doc. 148.

On December 21, 2018, the First Step Act of 2018 (FSA) was enacted into law. S. 756, 115th Cong. Section 404(b) of the FSA allows a court to resentence defendants sentenced prior to August 3, 2010 "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id*. Section 2 of the Fair Sentencing Act changed the threshold amount of cocaine base required for a "B-level" offense from 5 grams or more to 28 grams or more. Pub. L. No. 111-220.

On May 8, 2019, the defendant filed an Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582 and the FSA. ECF No. 155. The defendant has been in custody since January 14, 2004. *See* ECF Nos. 7 and 11. That is period of just over 196 months.

## II.     Analysis

Section 404 of the FSA applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) that was committed before August 3, 2010" and provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404 makes retroactive the portions of the Fair Sentencing Act that lowered the threshold quantities triggering different statutory penalties for certain offenses involving cocaine base. Specifically, the Fair Sentencing Act raised the amount of crack cocaine necessary to trigger the statutory mandatory minimum sentence for "A-Level" crack cocaine offenses from 50 to 280 grams and for "B-Level" crack cocaine offenses from 5 grams to 28 grams. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(iii). The statutory maximum sentences are also dictated by the same threshold quantities. *See* 21 U.S.C. § 841(b)(1)(A-C). "A career offender's offense level is linked to the statutory maximum for his offense." *United States v. Coleman*, No. 04-cr-278-pp, 2019 U.S. Dist. LEXIS 70797, at *12 (E.D. Wis. Apr. 26, 2019); U.S.S.G. § 4B1.1(b). Thus, a retroactive change to the threshold quantities could theoretically also change the applicable BOL for a career offender. *See, e.g., Coleman*, 2019 U.S. Dist. LEXIS 70797 at *12.

Any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *United States v. Banuelos*, No. 02-cr-084 WJ, 2019 U.S. Dist. LEXIS 85355, at *4 (D.N.M. May 21, 2019) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)) (J. Johnson) (internal quotation omitted). Under the Fair

Sentencing Act, 5 grams of cocaine base is a C-level offense. Based on this, the defendant contends that he should be resentenced as a career offender who plead guilty to a C-level offense with an 851 enhancement because the United States did not prove he possessed with the intent to distribute 28 grams or more of cocaine base beyond a reasonable doubt. If the defendant's motion is granted he will have a BOL of 34, a final offense level of 31, and guideline range of 188 to 235 months of imprisonment.

### A. The defendant is not eligible for relief under the FSA because *Apprendi* does not apply to claims under 18 U.S.C. § 3582.

*Apprendi* does not apply to the FSA because such claims are unavailable under 18 U.S.C. § 3582(c)(2). *Bannuelos*, 2019 U.S. Dist. LEXIS 85355 at *6-8 (citing *United States v. Serrato*, 646 Fed. App'x 680, 685 (10th Cir. 2016)) (J. Johnson); *but see United States v. Lewis*, No. CR 08-0057 JB, 2019 U.S. Dist. LEXIS 72266, at *73-75 (D.N.M. Apr. 30, 2019) (J. Browning). Furthermore, *Apprendi* only prohibits judicial findings that increase the statutory penalty for a crime. *Bannuelos*, 2019 U.S. Dist. LEXIS 85355 at *8. This case addresses a *decrease* in the statutory penalty. For those reasons, *Apprendi* does not apply, the defendant has no basis for relief, and his motion should be denied.

### B. Even if *Apprendi* does apply to FSA claims, the defendant is not entitled to a reduced sentence because he admitted through counsel to possessing more than 28 grams of cocaine base in his objection to the PSR (Doc. 47).

*Apprendi* is satisfied where the facts are admitted by the defendant. *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004); *United States v. Cardenas-Diaz*, 166 F. App'x 958, 960 (9th Cir. 2006) ("[W]here the fact in issue is admitted by the defendant," there is no Sixth Amendment violation under *Apprendi); Lewis*, 2019 U.S. Dist. LEXIS 72266 at *64. This includes

4

an admission during the sentencing phase. *Cardenas-Diaz*, 166 F. App'x at 960 ("The fact that Cardenas-Diaz did not admit the drug amount during the guilty plea phase is immaterial because he admitted the amount during the sentencing phase."); *see also United States v. Giraldo,* 132 F. App'x 800, 804 (11th Cir. 2005) ("In determining whether a defendant has admitted to facts for sentencing purposes, we have held that, when a defendant pleads guilty and accepts the drug quantity determination contained in the pre-sentence report or agrees to drug quantity at sentencing or in his plea colloquy, he waives any right to appeal his sentence on the basis of *Apprendi*, regardless of what sentence is ultimately imposed.") (internal quotation and citation omitted). It also includes admissions by the defendant through counsel at sentencing. *Hernandez v. Bruce*, No. 05-3237-JAR, 2006 U.S. Dist. LEXIS 2962, at *8 (D. Kan. Jan. 26, 2006) (*Apprendi* and *Blakely* were satisfied because "at the sentencing hearing, petitioner admitted, through counsel, to the existence of these prior convictions").

Here, the defendant objected to being held responsible for the 85.6 grams of cocaine base in the PSR. However, in making that objection he admitted through counsel to being responsible for 32 net grams of cocaine base:

> offense level of 32. Specifically, Mr. Paulino believes that he should be sentenced for an offense involving 32 net grams of cocaine base, and pursuant to U.S.S.G §2D1.1(c)(5), that would yield an offense level of 30. This change would not affect paragraph 29 and the career criminal

Doc. 47 at 2. An admission by counsel is sufficient to satisfy the requirements of *Apprendi*. So is an admission made during the sentencing phase. Thus, the defendant admitted to a quantity of cocaine base greater than the 28 grams, is still guilty of a B-level offense, and his motion for relief should be denied.

### C. If the Court does not deny the defendant's motion then the Court should abate these proceedings until it has a copy of the transcript of the defendant's guilty plea.

The facts necessary to increase a statutory maximum at sentencing may be based on the admissions of the defendant. *Supra*. This includes admissions made during a plea colloquy. *United States v. Monroe*, Civil Action No. 16-cv-00302-WYD, 2017 U.S. Dist. LEXIS 8887, at *10 (D. Colo. Jan. 23, 2017) ("Thus, a defendant's admissions in a plea agreement and at the plea hearing can support an inference of drug quantity beyond a reasonable doubt.").

Here, there is a transcript of the defendant's guilty plea. Doc. 42-3. The United States is in the process of obtaining a copy of the transcript but does not have one yet. As far as the United States knows, neither the defense nor this Court has seen a copy of the transcript. Given that the transcript is a documented part of the record, there is a very strong likelihood there is a copy in the archives. If the transcript contains an admission consistent with the admission made by the defendant in Doc. 47, then that admission would be grounds to deny the defendant's motion. Given the strong likelihood that this potentially outcome determinative evidence exists, the Court should abate the proceedings and obtain this evidence before granting the defendant's motion.

### D. Assuming *Arguendo* that the Court Determines that Defendant is Eligible for Relief, this Court Should Exercise Its Discretion and Decline to Grant Relief.

If the Court, contrary to the government's argument, determines that Defendant is eligible for relief under the FSA, the Court should exercise its discretion, consistent with Section 404(c) of the FSA, and deny relief. *See Bannuelos*, 2019 U.S. Dist. LEXIS 85355 at *8. Relief is unjustified in this case because it is apparent, given the known quantity of cocaine base involved in the offense, that the defendant would have received the same sentence if the Fair Sentencing Act had been in effect at the time of Defendant's original sentencing. *See Id.* This is so because if

the Fair Sentencing Act had been in effect, the jury would have been asked to find, and would have found, that the offense involved 28 grams or more of cocaine base. If the Court granted Defendant relief under these circumstances, Defendant would receive a windfall not available to defendants whose offenses involved between 28 and 49 grams of cocaine base and who were prosecuted after the passage of the Fair Sentencing Act. This result would undermine "the need to avoid unwarranted sentencing disparities among" similarly situated offenders under 18 U.S.C. § 3553(a)(6), and the need for a sentence to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense" under § 3553(a)(2)(A). *See Dorsey v. United States*, 567 U.S. 260, 276-79 (2012) (emphasizing the importance of consistency in sentencing similarly situated offenders when determining the retroactive application of a statutory amendment). This disparity would result because following enactment of the Fair Sentencing Act, juries made quantity determinations based on that Act's new thresholds (28 grams and 280 grams) for purposes of establishing applicable statutory maximums. Thus, a defendant convicted after the Fair Sentencing Act, and whose offense involved 85.6 or 32 grams of cocaine base, would have been subject to the B-Level statutory penalties under the Fair Sentencing Act. Defendant should be treated the same as a defendant who was convicted after the Fair Sentencing Act was enacted, and, as a result, the Court should deny his motion for relief.

### E. If the Court grants the defendant's motion then the Court should sentence the defendant to the high-end of the new guideline range.

The First Step Act does not permit plenary resentencing and only contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith. *Lewis,* 2019 U.S. Dist. LEXIS 72266 at 73 (internal

quotations and citations omitted). Assuming the defendant is only guilty of a C-level offense, and giving him the same three-point reduction in offense level for his acceptance of responsibility, then his offense level at sentencing would be reduced to a 31 and result in a guideline range of 188 to 235 months. Judge Parker originally sentenced the defendant to 262 months in prison. This was at the low-end of the guideline range in effect at that time. Judge Parker did not vary downward even though he could have. Thus, is should be presumed that Judge Parker thought 262 months in prison was an appropriate sentence. In addition, "a sentence within the guideline range is presumptively reasonable." *Lewis,* 2019 U.S. Dist. LEXIS 72266 at 60 (citing *United States v. Terrell*, 445 F.3d 1261, 1264 (10th Cir. 2006)). Thus, if the Court grants the defendant's motion for relief, it should sentence the defendant to 235 months in prison because it is a presumptively reasonable sentence and consistent with Judge Parker's previous determination of an appropriate sentence.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's Motion because Defendant does not qualify for relief. If the Court is inclined to the grant the motion then the United States requests that the hearing be abated until the United States can obtain a copy of the transcript of the defendant's guilty plea. Finally if the Court grants the defendant's motion then the United States requests that it exercise the Court's discretion and decline to grant relief to avoid unwarranted sentencing disparities, or, in the alternative, sentence the defendant to the high-end of the new guideline range.

//

//

//

                    Respectfully submitted,

                    JOHN C. ANDERSON
                    United States Attorney

                    *Mark Pfizenmayer*
                    MARK C. PFIZENMAYER
                    Assistant U.S. Attorney
                    201 Third St. NW, Suite 900
                    Albuquerque, NM 87102
                    (505) 346-7274
                    (505) 346-7296 fax

I certify that a copy of this pleading was delivered
via CM/ECF to counsel for the defendants.